IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

A.M.Z., a minor, N.A.Z., a minor,
and E.K.Z., a minor, by their guardian
BETH ANN PATTERSON,

        Plaintiffs,                                    OPINION AND ORDER

      v.                                                  16-cv-778-wmc

REMINGTON ARMS COMPANY, LLC
and SPORTING GOODS PROPERTIES, INC.,

        Defendants.

---

In this civil action, minor plaintiffs A.M.Z., N.A.Z. and E.K.Z., by their guardian Beth Ann Patterson, allege that defendants Remington Arms Company, LLC, and Sporting Goods Properties, Inc., are strictly liable for the wrongful death of the minors' father, Robert Zick. (Compl. (dkt. #1).) Plaintiffs allege that this court may exercise its diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (*Id.* at ¶ 4.) Because the allegations in the complaint are insufficient to determine if this is so, plaintiffs will be given an opportunity to file an amended complaint containing the necessary factual allegations to establish diversity jurisdiction.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an

amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, plaintiffs contend that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Compl. (dkt. #1) ¶ 4.) For the latter to be true, however, there must be *complete* diversity, meaning plaintiffs cannot be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. Unfortunately, plaintiffs' allegations as to defendant Remington Arms Company, LLC prevent this court from determining its citizenship.

"The citizenship of an LLC is the citizenship of each of its members," yet plaintiffs have not alleged the citizenship of defendant's members, making it impossible to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Instead, plaintiff alleges defendant is "a Delaware corporation" with its principal place of business at "870 Remington Drive, Madison, North Carolina." (Compl. (dkt. #1) ¶ 2.) As the Seventh Circuit has instructed, however, this information is wholly irrelevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

Before dismissing this action for lack of subject matter jurisdiction, plaintiffs will be given leave to file within 14 days an amended complaint that establishes subject matter jurisdiction by alleging the names and citizenship of each member of the defendant LLC. In alleging the LLC's citizenship, plaintiffs should be aware that if the member or members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged as well. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

ORDER

IT IS ORDERED that:

1) plaintiffs shall have until January 19, 2017, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 5th day of January, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge