IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

A.M.Z., a minor, N.A.Z., a minor, and
E.K.Z., a minor, by their guardian
BETH ANN PATTERSON,

                        Plaintiffs,                    OPINION AND ORDER

    v.
                                                    16-cv-778-wmc

REMINGTON ARMS COMPANY, LLC, and
SPORTING GOODS PROPERTIES, INC.,

                        Defendants.

---

In this action, plaintiffs A.M.Z, N.A.Z., and E.K.Z., all minors, by their guardian Beth Ann Patterson, allege that defendants Remington Arms Company, LLC ("RAC") and Sporting Goods Properties, Inc. ("SGPI") are liable for the wrongful death of their father, who died of a gunshot wound after his Remington rifle allegedly misfired. Specifically, plaintiffs claim that RAC, as the apparent manufacturer of this model or similar Remington model rifles since 1993, and SGPI as the manufacturer before 1993, should be held strictly liable for its defective design and inadequate instructions or warnings. Plaintiffs also claim the defendants were negligent in the design and manufacture of the gun, as well as their failure to warn.[1] Defendants move to dismiss the strict liability claims only on the grounds that the allegedly defective rifle here was manufactured in 1975, making both claims barred by Wisconsin's fifteen-year statute of repose, Wis. Stat. § 895.047(5). (Dkt. #9.) Because the merits of the defendants' statute of limitations defense cannot be determined on the

---

[1] As alleged in the Amended Complaint, the defendants corporate history is complicated by a shifting of assets in 1993 (dkt. #8 at ¶ 8), but since this is not the subject of defendants' current motion, the court need not explore that issue further at this stage.

allegations in plaintiffs' complaint alone, defendants' motion to dismiss will be denied.

ALLEGATIONS OF FACT

In resolving a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court accepts as true all well-pled factual allegations in the complaint, *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014), and views them in the light most favorable to the non-movant, *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (citing *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000)). For purposes of the present motion, the court accepts as true the following allegations of fact from the Amended Complaint. (Dkt. #8.)

Plaintiffs are minor children and residents of Sauk County, Wisconsin, who are bringing suit through their guardian and mother, Beth Ann Patterson. Plaintiffs are the children of Robert Zick, who was killed after a Remington Model 700, .30-06 caliber bolt action rifle allegedly misfired. They seek recovery for wrongful death on four counts. Counts I and II are for strict liability for detective design and strict liability for inadequate instructions or warnings, respectively. Counts III and IV are for negligent design and manufacture and negligent failure to warn, respectively.

Defendant Remington Arms Company, LLC, is a Delaware company with its principal place of business in North Carolina. RAC's members are also citizens of North Carolina and Delaware. Defendant Sporting Goods Properties, Inc., is a Delaware corporation with its principal place of business in Delaware. Given that the parties are completely diverse and the amount in controversy exceeds $75,000, this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

RAC and SGPI are in the business of designing, manufacturing, assembling, distributing and selling firearms, including the Remington Model 700, .30-06 caliber bolt action rifle at issue here. Central to defendants' pending motion to dismiss, plaintiffs allege that the gun was manufactured in 1975.

OPINION

A motion to dismiss under Rule 12(b)(6) is designed to test the complaint's legal sufficiency. *See* Fed. R. Civ. P. 12(b)(6). Dismissal is only warranted if no recourse could be granted under any set of facts consistent with the allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The motion to dismiss phase of the proceedings "is not an opportunity for the court to find facts or weigh evidence." *My Health, Inc. v. Gen. Elec. Co.*, No. 15-CV-80-JDP, 2015 WL 9474293, at *2 (W.D. Wis. Dec. 28, 2015).

In their motion, defendants argue that plaintiffs' strict liability claims are barred on the face of the pleadings by Wisconsin's fifteen-year statute of repose which provides in pertinent part:

> A defendant is not liable to a claimant for damages if the product alleged to have caused the damage was manufactured 15 years or more before the claim accrues, unless the manufacturer makes a specific representation that the product will last for a period beyond 15 years.

Wis. Stat. § 895.047(5).

In response, plaintiffs rely on an exception to the statute, applicable where "the manufacturer makes a specific representation that the product will last for a period beyond 15 years." *Id.* In support of this position, plaintiffs attach various advertisements and

3

other materials, purportedly containing specific representations indicating the longevity of defendants' products exceeds fifteen years. In considering a motion to dismiss under Rule 12, the court, however, cannot rely on materials that are presented outside of the pleadings. Fed. R. Civ. P. 12(d); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) (holding that a court may not consider materials outside of the pleadings in the context of Rule 12(b)). There is an exception, of course, where a document is referenced in, and central to, the complaint, *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012), but representations about the life of the gun at issue here are neither referenced in, nor central to, plaintiffs' claims.

In their reply to the motion, defendants would fault plaintiffs for failing to amend their complaint to "contain factual allegations to support qualifying for this limited exception and thereby make their strict liability claims timely." (Defs.' Reply (dkt. #20) 2.) However, a plaintiff need not anticipate an affirmative defense in her pleading. *Independent Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Under Rule 8(c)(1), the statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c)(1). As such, dismissing a complaint on statute of limitation grounds pursuant to Rule 12(b)(6) would be "irregular" at best. *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). Indeed, dismissal on the pleading is only proper when it is clear from the complaint itself that the claim is time-barred. *See Independent Trust Corp.*, 665 F.3d at 935. No such finding can be made here.

Defendants rely on *Smith v. Union Pacific Railroad Company*, 474 F. App'x 478 (7th Cir. 2012), to argue that plaintiffs erred procedurally by not amending their complaint to

include evidence rebutting the affirmative response presented by defendants. In *Smith*, the court affirmed the dismissal based on a timeliness defense, rejecting the plaintiff's attempt to "amend his complaint through the filing of a response brief." *Id.* at 480. Unlike here, however, the plaintiff in *Smith* affirmatively pleaded himself out of court by including the elements necessary to demonstrate the statute of limitations defense. *Id.* Even then, the Seventh Circuit held that the dismissal should have been without prejudice to allow for the filing of an amended pleading. *Id.* at 481.

While defendants' 12(b)(6) motion is without merit, the defense itself may yet prove successful, but the court is in no position to determine on the pleadings alone whether plaintiffs' strict liability claims fall within the statute of repose exception. Defendants are, of course, free to renew this defense in a motion for summary judgement.

ORDER

IT IS ORDERED that defendants' motion to dismiss (dkt. #9) is DENIED. Defendants may have until July 25, 2017, to answer or otherwise respond to the Amended Complaint.

Entered this 11th day of July, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge